# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

_____
)
LOIS ALT, d/b/a EIGHT IS ENOUGH,      )
                                       )
            Plaintiff,                 )          Case No. 2:12-CV-00042-JPB
                                       )
AMERICAN FARM BUREAU                   )
and WEST VIRGINIA FARM BUREAU,         )
                                       )
            Plaintiff-Intervenors,     )
      v.                               )          **RESPONSE TO PLAINTIFF'S**
                                       )          **OPPOSITION TO MOTION**
UNITED STATES ENVIRONMENTAL            )          **FOR LEAVE TO INTERVENE**
PROTECTION AGENCY,                     )
                                       )
                                       )
            Defendant.                 )
_____ )

## RESPONSE TO PLAINTIFF'S OPPOSITION TO
## MOTION FOR LEAVE TO INTERVENE

The United States Environmental Protection Agency files this Response to Plaintiff's

Response in Opposition to the Motion for Leave to Intervene filed by Potomac Riverkeeper,

West Virginia Rivers Coalition, Waterkeeper Alliance, Center for Food Safety and Food &

Water Watch ("Proposed Environmental Intervenors").  As noted in the Motion to Intervene

(Doc. 31 at 1), the United States does not object to the proposed intervention, and accordingly

did not file a response to that motion.  However, in opposing the motion, Plaintiff has suggested

that, if intervention is granted, the United States and Proposed Environmental Intervenors should

be required to submit "consolidated pleadings and briefs . . . except where warranted by a clear

difference in their position."  Doc. 53 at 11.  The United States opposes the suggested condition

because it is not appropriate or necessary and it would significantly impact the United States.

First, the interests of the United States are unique and are necessarily different from the interests advanced by private parties. While Proposed Environmental Intervenors seek to intervene on behalf of the United States, they represent constituencies that have different, and often divergent, perspectives.

Second, Department of Justice policy prevents federal defendants from filing consolidated briefs or sharing drafts with third parties - including intervenors supporting the United States - in advance of filing, except in rare circumstances not present here. This is consistent with 28 U.S.C. § 516, which provides that "the conduct of litigation in which the United States, an agency, or officer thereof is a party . . . is reserved to officers of the Department of Justice."[1] Thus, the United States cannot prepare or submit "consolidated pleadings or briefs;" it can only submit briefs setting forth the United States' position.[2]

Third, requiring the United States and Proposed Environmental Intervenors to submit joint briefs would be inconsistent with the treatment that has been afforded to Plaintiff-Intervenors. Under this Court's Scheduling Order (Doc. 28), Plaintiff and Plaintiff-Intevenors are permitted to file separate motions for summary judgment, and then separate responses to the United States' cross-motion. The same treatment should be afforded to Defendant and any Defendant-Intervenors.

---

[1] This policy safeguards otherwise-privileged intra-agency documents from disclosure under the Freedom of Information Act, to which they may be subject if shared with a third party. *See, e.g., Department of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2000).

[2] Plaintiff cites *Dine Citizens Against Ruining Our Environment v. U.S. Office of Surface Mining Reclamation and Enforcement*, No. 1:12-cv-1275 (Aug. 24, 2012), as a case where similar requirements were imposed. However, the cited order requires only that the parties "confer" to see if their positions "may" be set forth in a consolidated fashion. And in any event, as discussed further above, there are other, less problematic ways to avoid duplication of arguments between intervenors and the parties they support than requiring "consolidated" filings.

Finally, Plaintiff's expressed concern to avoid duplicative or repetitive briefing can be easily accommodated by adjusting the briefing schedule to allow a period of time after the filing of principal briefs before the filing of separate briefs by intervenors on both sides of the matter. Intervenors could thereby avoid duplication of arguments presented by the principal parties.

For these reasons, the proposed condition of requiring the United States and Proposed Environmental Intervenors to file consolidated briefs should be rejected.

Respectfully submitted,

WILLIAM J. IHLENFELD, II
United States Attorney

/s/   Betsy Steinfeld Jividen
Assistant United States Attorney, WV Bar #3592
United States Attorney's Office
1125 Chapline St., P.O. Box 591
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112
Email:  Betsy.Jividen@usdoj.gov

IGNACIA S. MORENO
Assistant Attorney General

/s/   Amanda Shafer Berman
AMANDA SHAFER BERMAN
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611/Washington, D.C.  20044
Phone: (202) 514-1950
Fax: 202-514-8865
Email: amanda.berman@usdoj.gov

*Counsel for Defendant EPA*

January 7, 2013

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on January 7, 2013, I filed the foregoing Response with the

Clerk of the Court electronically.  Accordingly, it is available for viewing and downloading from

the ECF system, and service has been made electronically through the ECF system on all counsel

of record.

/s/   Betsy Steinfeld Jividen
Assistant United States Attorney, WV Bar #3592
United States Attorney's Office
1125 Chapline St., P.O. Box 591
Wheeling, WV 26003
Phone: (304) 234-0100
Fax: (304) 234-0112
E-mail:   Betsy.Jividen@usdoj.gov