**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2200

LOIS ALT, d/b/a Eight is Enough; AMERICAN FARM BUREAU FEDERATION; WEST VIRGINIA FARM BUREAU,

   Plaintiffs – Appellees,

  v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; CENTER FOR FOOD SAFETY; FOOD & WATER WATCH; POTOMAC RIVERKEEPER; WEST VIRGINIA RIVERS COALITION; WATERKEEPER ALLIANCE, INCORPORATED,

   Defendants,

  and

CHESAPEAKE BAY FOUNDATION, INCORPORATED,

   Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, Chief District Judge. (2:12-cv-00042-JPB)

Argued: May 13, 2014       Decided: July 14, 2014

Before TRAXLER, Chief Judge, KING, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by published opinion. Judge King wrote the opinion, in which Chief Judge Traxler and Senior Judge Davis joined.

**ARGUED:** Jon Alan Mueller, CHESAPEAKE BAY FOUNDATION, INC., Annapolis, Maryland, for Appellant. James T. Banks, HOGAN LOVELLS US LLP, Washington, D.C., for Appellees. **ON BRIEF:** Christine K. Tramontana, CHESAPEAKE BAY FOUNDATION, INC., Annapolis, Maryland, for Appellant. David L. Yaussy, ROBINSON & MCELWEE PLLC, Charleston, West Virginia, for Appellee Lois Alt, d/b/a Eight is Enough. Joanne Rotondi, HOGAN LOVELLS US LLP, Washington, D.C., for Appellees American Farm Bureau Federation and West Virginia Farm Bureau.

KING, Circuit Judge:

Plaintiff Lois Alt, a West Virginia farmer, sued the United States Environmental Protection Agency (the "EPA") in the Northern District of West Virginia, seeking declaratory relief in connection with EPA administrative enforcement proceedings against her. In the latter stages of Alt's litigation, appellant Chesapeake Bay Foundation, Incorporated ("CBF"), moved to intervene as a defendant. The district court denied CBF's intervention motion as untimely. See Alt v. EPA, No. 2:12-cv-00042 (N.D. W. Va. July 30, 2013), ECF No. 104 (the "Denial Order"). CBF appeals the Denial Order, and, as explained below, we affirm.

I.

Alt owns and operates a chicken farm in Hardy County, West Virginia. In June 2011, the EPA conducted an inspection and observed that rainwater befouled by pollutants, that is, dander, manure, and other fine particulates, had drained from ditches on Alt's farm into nearby streams. Because Alt had not obtained any permits for such discharges, the EPA issued a Compliance Order to her on November 14, 2011, identifying apparent violations of the Clean Water Act (the "CWA"). On June 14, 2012, Alt initiated her lawsuit against the EPA in the district court, requesting a declaration that the Compliance Order was

3

invalid because the discharges from her farm constituted "agricultural stormwater," which is exempt from the CWA's permitting requirements. See 33 U.S.C. § 1362(14); 40 C.F.R. § 122.26.

On July 19, 2012, approximately a month after Alt's lawsuit was filed, the American Farm Bureau Federation and the West Virginia Farm Bureau jointly moved to intervene in the litigation as plaintiffs. Three months later, the district court granted the joint motion and entered its initial scheduling order. Then, on December 6, 2012, a group of five clean water advocacy organizations likewise moved to intervene in the lawsuit as defendants, alongside the EPA. Shortly thereafter, in response to the plaintiffs' unopposed motion, the court extended the deadlines in its scheduling order.

On December 14, 2012, the EPA withdrew its Compliance Order. About a month later, the parties jointly secured a stay of Alt's lawsuit while they pursued settlement negotiations with respect to the administrative enforcement dispute. The settlement discussions were not fruitful, however, and in March 2013 the EPA moved to dismiss the lawsuit, contending that its withdrawal of the Compliance Order rendered the entire proceeding moot. Alt disagreed, maintaining that the district court retained jurisdiction because the EPA had not altered its position that her Hardy County farm remained subject to the

4

CWA's discharge permitting requirements. On April 22, 2013, the court denied the EPA's motion to dismiss and granted the motions of the clean water advocacy organizations to intervene as defendants.[1] The court then modified its scheduling order for a second time, directing the plaintiffs to file any summary judgment motions by July 1, 2013, with the defendants to file any cross-motions and responses by August 1, 2013.

The plaintiffs filed a joint motion for summary judgment at the modified deadline. The next day, July 2, 2013, CBF made its first appearance in the Alt litigation. In a motion accompanied by an extensive memorandum and multiple exhibits that were outside the administrative record, CBF asserted a right to intervene pursuant to Federal Rule of Civil Procedure 24(a), and, alternatively, sought permission to intervene under Rule 24(b).[2] In furtherance of the intervention motion, CBF contended that the judicial declaration sought by Alt threatened to seriously undermine a decades-long effort to clean up the

---

[1] The five intervening defendants are the Center for Food Safety; Food & Water Watch; Potomac Riverkeeper; West Virginia Rivers Coalition; and Waterkeeper Alliance, Incorporated.

[2] Rule 24 creates two intervention alternatives, both subject to the filing of a "timely motion." Rule 24(a) governs "Intervention of Right," while Rule 24(b) addresses "Permissive Intervention."

5

Chesapeake Bay and its various tributaries.[3]  Although neither the EPA nor the intervening defendants opposed CBF's intervention motion, the various plaintiffs objected on the basis of timeliness, among other grounds.

On July 30, 2013, the district court denied CBF's motion to intervene.  The court's ruling rested solely on the ground that CBF's motion had not been timely filed and would, "by [its] very nature . . . unduly delay the adjudication of the original parties' rights."  Denial Order 5.  On September 25, 2013, CBF filed a timely notice of appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.  See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377 (1987) ("[W]hen an order prevents a putative intervenor from becoming a party in any respect, the order is subject to immediate review."); see also Bridges v. Dep't of Md. State Police, 441 F.3d 197, 207-09 (4th Cir. 2006) (recognizing settled "principle that denial of a motion to intervene is an appealable final order").[4]

---

[3] The pollutants from Alt's Hardy County farm discharge into the navigable waters of the United States.  Surface runoff from the farm finds its way into nearby Mudlick Run, a perennial stream that feeds into Anderson Run, a tributary of the South Branch of the Potomac River.  The Potomac, in turn, is a major tributary of the Chesapeake Bay.

[4] The district court entered final judgment on the merits of Alt's lawsuit on October 23, 2013.  The appeal therefrom to this Court is being held in abeyance pending resolution of the matter
(Continued)

6

II.

A party seeking to intervene under either Federal Rule of Civil Procedure 24(a) or 24(b) may do so only upon the filing of a "timely motion." CBF contends that the district court erred in concluding that its motion to intervene failed to satisfy the threshold timeliness requirement. The determination of timeliness is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. See NAACP v. New York, 413 U.S. 345, 365-66 (1973); Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999). Indeed, we have emphasized that a court's discretion in this regard is "wide." See Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989).

In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion. See Gould, 883 F.2d at 286. Our review of these factors in this

---

at bar.  See Alt v. EPA, No. 13-2527 (4th Cir. Feb. 6, 2014), ECF No. 39.

case counsels against disturbing the district court's disposition of CBF's intervention motion.

On the first factor, we observe that when CBF moved to intervene, the proceedings below had already reached a relatively advanced stage. Seven other parties had long since requested and received permission from the district court to intervene. Several months of settlement negotiations had transpired. The EPA's motion to dismiss Alt's case had been fully briefed, argued, and denied. The case had been stayed once, and the court's scheduling order had been extended twice. Moreover, summary judgment briefing and related proceedings had commenced and were ongoing. In such circumstances, the court was reasonably reluctant to arrest the momentum of the lawsuit so near to its final resolution. See Scardelletti v. Debarr, 265 F.3d 195, 202 (4th Cir. 2001) ("The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal."), rev'd on other grounds, Devlin v. Scardelletti, 536 U.S. 1 (2002).

The second factor — prejudice — also weighs against CBF's intervention request. CBF concedes (as it must) that its belated intervention would have caused some delay, and would have required the plaintiffs to expend "extra effort." Br. of Appellant 13. CBF asserts that it proposed to allow the plaintiffs extra time and enlarged page limits in their written

8

submissions, thereby mitigating the prejudice it might have otherwise visited. But the district court, having its finger on the pulse of the proceedings, characterized CBF's proposal as "too little, and too late." Denial Order 6. Affording the court its proper deference, we are in no position to disagree.

Finally, we must evaluate the soundness of the reasons espoused by CBF for its tardy intervention motion. Belying its late entry, CBF was not at all unaware of what was transpiring in the district court. Instead, CBF candidly acknowledges that it had closely monitored the proceedings in Alt's lawsuit and made a strategic decision not to devote its "limited resources" to the matter at an earlier stage, believing the court would grant the EPA's motion to dismiss. Br. of Appellant 14-15. Stated plainly, CBF admits that it gambled and lost in the execution of its litigation strategy. Such deliberate forbearance understandably engenders little sympathy. See Moten v. Bricklayers, Masons, & Plasterers, Intern. Union of Am., 543 F.2d 224, 228 (D.C. Cir. 1976) (deeming motion to intervene untimely where decision not to seek earlier intervention was informed and tactical choice). In these circumstances, we are unable to conclude that the court abused its discretion by denying CBF's motion to intervene.

III.

Pursuant to the foregoing, we are satisfied to affirm the district court's Denial Order.

<u>AFFIRMED</u>